YEAGER v. SCOTT & SANFORD.

(Court of Civil Appeals of Texas. Austin. July 1, 1911.)

COSTS (§ 264*)—RETAXATION BY COURT ON MOTION—TIME FOR MOTION.

Appellant filed two appeal bonds, and on proceedings brought by one of the bondsmen consented to his withdrawal, provided his right of appeal was saved. His motion to strike such proceedings from the record for want of jurisdiction was overruled, and thereafter the judgment appealed from was affirmed, motion for rehearing overruled, and writ of error denied by the Supreme Court. Thereafter and for the first time he moved to retax costs and to strike out that part of the record relating to the bond proceedings. *Held* that, whether the trial court had jurisdiction in the proceeding or not, the motion was not filed in time.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 1004–1008; Dec. Dig. § 264.*]

Appeal from District Court, McLennan County; Marshall Surratt, Judge.

On motion to retax costs and to strike out that part of the record relating to the Stovall bond proceedings. Motion overruled.

For former opinion, see 132 S. W. 83.

Jas. E. Yeager, for the motion.

RICE, J. Appellant, who was defeated in the trial court, prosecuted an appeal from its judgment to this court, which was affirmed on October 26, 1910, and rehearing denied December 7, 1910. See 132 S. W. 83. There were two appeal bonds filed, the first with W. E. Stovall as one of the sureties. Shortly after the filing and approval of said first bond, Stovall filed his motion to be released from liability thereon, on the ground, among other things, that he had signed said bond under a misapprehension as to its character and amount. Upon the hearing of said motion both Stovall and appellant appeared, and the issues of fact raised by the motion and appellant's answer thereto were determined by the trial court in favor of said Stovall, and an order entered sustaining his contention, and he was discharged from further liability thereon.

Thereupon appellant, with the consent of appellees, was allowed 10 days within which to file a new bond, which was thereafter given and approved by the clerk of the court within the time so allowed. Appellant, though excepting to the jurisdiction of the court to pass upon the issues of fact presented by Stovall's motion, consented, however, to his withdrawal from the bond, provided he could do so without affecting the former's right of appeal. The trial court entered an order directing the clerk, in the event that either party should take out a transcript, to incorporate therein all the proceedings of the court had on the Stovall motion, as well as each of said appeal bonds, which was done. Thereafter, on December 17, 1909, appellant filed a motion alleging that the Stovall proceedings incumbered the record, and asked that the same be stricken out for various reasons, among others that the court had no jurisdiction to pass upon said matter after the first bond had been given and approved by the clerk. This motion was overruled, to which ruling appellant excepted; and by proper assignments, presented in his brief, urged that the court erred in enter-

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

taining jurisdiction of said motion of Stovall to be relieved from liability upon said bond, as well as entering the order discharging him from liability thereon. These assignments were overruled by us, because, in our judgment, their determination did not affect the merits of the appeal.

There was no motion filed in this court, prior to or at the time of submission, asking that said proceedings be stricken from the record and costs thereof taxed against appellees, which would have been the proper practice; nor was the matter called to this court's attention in appellant's motion for rehearing, and the present motion was not filed until the 19th of June, 1911, long after the motion for rehearing had been overruled, and after writ of error had been denied by the Supreme Court. Appellant, having consented that Stovall might be released from liability upon said bond, would certainly have no right to ask that the cost of said proceedings be taxed against him, and, having failed to present any motion to strike said proceedings from the record and tax the costs against appellees at the proper time, cannot now be heard to complain. Even if the trial court had no jurisdiction to entertain Stovall's motion to be relieved, a matter upon which we do not pass, yet appellant having been allowed, by consent of appellees, to file a new bond, and his appeal having been entertained and passed upon by this court, we cannot see how he has been deprived of any substantial right by reason of such ruling; and having failed in due time, in the proper manner, to present the question of retaxing the costs of said proceeding against appellees, we have arrived at the conclusion that the motion is not well taken, comes too late, and should therefore be overruled, which is accordingly done.

Motion overruled.