## ZARATE et al. v. VILLAREAL et al.

(Court of Civil Appeals of Texas. San Antonio. Oct. 15, 1913.)

1. Costs (§ 264*)—Appellate Costs—Motion to Retax—Time for Filing.

    Where appellees, in a motion for rehearing, after the costs had been taxed against them, did not object to the correctness of the items, a motion to retax the costs made after the adjournment of the term at which the case was decided and the rehearing denied will not be considered, especially when no excuse appears for the failure to file such a motion at the proper time.

    [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 1004–1008; Dec. Dig. § 264.*]

---

2. TRESPASS TO TRY TITLE (§ 48*)—ENFORCE-
MENT OF JUDGMENT—WRIT OF POSSESSION.

Where plaintiffs in trespass to try title recovered a judgment for an undivided right of possession in certain premises, the writ of possession issued upon such judgment could only be one placing them in possession jointly with the defendants, not a writ for the possession of a certain portion of the land.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. § 72; Dec. Dig. § 48.*]

On motion by appellees to retax the costs, and for restraining orders and interpretation of judgment. Motion denied.

For former opinion, see 155 S. W. 328.

MOURSUND, J. [1] This case was passed upon by us during the last term of court, and the judgment reformed, taxing all costs against appellees. Motions for rehearing were filed by both parties, and were overruled. A writ of error was applied for to the Supreme Court by appellants, and denied. During vacation appellees filed a motion to retax costs, alleging that various matters were improperly embodied in the transcript, and that the same does not comply with the law in that it is stated in the bill of costs that plaintiffs' cost from Hidalgo county is $329.08, and defendants' cost from said county is $24.40; but there are no items showing that said sums constitute proper and legal costs. The charge for the transcript is $150. All of these items appear in the bill of costs embraced in the transcript filed in this case. While appellees in their motion for rehearing complained because the costs were taxed against them, yet they made no complaint concerning the correctness of the items of costs. These matters should be settled while the case is being considered, in order that when it has been finally determined the parties may have execution for costs, and the litigation be brought to an end, and we do not think this court should open up a matter of taxing costs upon a motion filed after the case had been finally disposed of and the court adjourned, especially when no excuse appears why such motion was not filed at the proper time. Yeager v. Scott, 138 S. W. 1088.

[2] It is also alleged in the motion that although appellants and appellees are in joint possession of the land sued for, yet appellants have induced the clerk of the district court of Brooks county to believe it his duty to issue a writ of possession in favor of appellants for one-third of the land, and a restraining order is requested. Appellants deny that any such proceeding has been requested or is contemplated as long as they are not deprived of their right of joint possession. The recovery awarded plaintiffs being undivided, it necessarily follows that the writ of possession mentioned in the judgment could be no other than one placing them in joint possession of the premises with ap-

pellees, and, they having such possession as admitted in their reply to the motion, there is no reason for the issuance of any writ of possession.

We do not think the judgment requires interpretation.

Appellees' motion is overruled.