**DURST et al. v. PARK.**

**No. 4341.**

Court of Civil Appeals of Texas. El Paso.

Nov. 12, 1943.

Ross Doughty, Jr., of Uvalde, for appellants.

Suttle & Kessler, of Uvalde, for appellee.

McGILL, Special Commissioner.

This is an appeal from an order of the District Court of Uvalde County, 38th Judicial District, overruling a motion for a new trial filed by appellants on February 12, 1943, and refusing to set aside a judgment rendered against appellants by that court on November 6, 1942. The judgment was based on an action in trespass to try title to 4503.15 acres of land located in Uvalde County, in which appellee was plaintiff and appellants were defendants. Citation by publication was issued for all defendants on affidavit of plaintiff's attorney. The affidavit referred to plaintiff's petition and followed it as a part of the last page thereof, and was made before a notary public on August 4, 1942. The petition was filed on August 5, 1942.

The sole point presented by this appeal is that the affidavit did not authorize the clerk to issue citation by publication because it was not made when the suit was instituted or at any time during its progress, as required by Rule 109, Texas Rules of Civil Procedure, but was made prior to the institution of the suit, and that therefore the judgment rendered against defendants, who did not answer except by an attorney appointed by the court, was void.

Plaintiff alleged "that the residences and place and places of residence of the several defendants * * *, and each and all of them, are unknown to plaintiff and to her attorneys," and this allegation was verified by the affidavit. It was stipulated that these alleged facts were true at the time the affidavit was made and at the time the suit was filed and citation issued. There is no contention that the facts alleged did not authorize the issuance of citation by publication under Rule 109, R.C.P.

In Kitchen v. Crawford, 13 Tex. 516, at page 520, the Supreme Court said: "It is not the making of the affidavit, but the truth of it, that is, the existence in fact of the assumed condition, which enables the Court to acquire jurisdiction over the person of the defendant by publication."

This language is not to be construed as authorizing the issuance of citation by publication where no affidavit is made, although facts exist which could be verified by affidavit. The making of the affidavit is essential to the validity of the issuance of such citation. We think it clear, however, that in view of the objective of the Rules of Civil Procedure, promulgated and adopted by the Supreme Court, as set out in Rule 1, that Rule 109 should not be given the limited and narrow construction for which appellants contend. Here the jurat of the notary was dated one day before the petition, in which it was included, was filed. The ground of issuance of the citation was that the residence or residences of the several defendants were unknown to plaintiff and to her attorneys. This factual basis for issuance of citation is not of a nature so inherently changeable as to lead to the supposition that it had ceased to exist within the brief space of time which elapsed between the making of the affidavit and the filing of the petition in this case. While it is true that under statutory provisions authorizing the issuance of writs of attachment, the validity of the writ does not depend upon the truthfulness of the allegations made in the affidavit, but upon compliance with the statute in making the affidavit (Gimbel &

Son v. Gomprecht & Co., 89 Tex. 497, at page 499, 35 S.W. 470; 5 Tex.Jur. p. 207, Sec. 39, and cases cited in foot note 1), yet we think that the rule enunciated in cases dealing with quashal of writs of attachment furnishes a close analogy and is applicable to the situation here. In holding erroneous a judgment quashing a writ of attachment, the Supreme Court, in the early case of Campbell v. Wilson, 6 Tex. 379, at page 395, said: "The attachment appears to have been quashed, in consequence of the lapse of time from the making of the affidavit to the issuing of the writ. In proceeding by attachment, the several incipient steps should be as nearly contemporaneous as they conveniently may be, so that suspicion be not thrown upon the fairness of the plaintiff's case. Less despatch would seem necessary where the ground of the proceeding is that the defendant is not a resident of the State than where it is, that he is about to remove beyond its limits. *There should not be such delay as to afford a presumption that the facts, stated in the affidavit, had ceased to exist.* This was the rule adopted in the case of Sydnor v. Chambers, (Dallam Dig. 601.) In that case, however, it was said that no invariable rule upon the subject can be laid down. It evidently must depend in a great degree upon the special circumstances of each case. If, in the present case, the delay in issuing the writ had been such as to authorize the inference that the facts stated in the affidavit, had ceased to exist, or as to cast *suspicion on the fairness and integrity of the proceeding,* it would have afforded just cause for the judgment of the Court, quashing the attachment." (Italics ours.)

This rule was followed in Wright v. Ragland, 18 Tex. 289, and Coleman v. Zapp, Tex.Civ.App., 135 S.W. 730, affirmed in 105 Tex. 491, 151 S.W. 1040, each of which dealt with writs of attachment; and in Duncan v. Jouett, Tex.Civ.App., 111 S.W. 981, which dealt with a writ of sequestration; also in Miller v. L. Wolff Mfg. Co., Tex.Civ.App., 225 S.W. 212, in which writs of attachment and garnishment were involved.

■ The rule so enunciated and followed has been applied generally in cases dealing with writs of attachment (7 C.J.S., Attachment, p. 309, § 137), and we think it applicable here, and that since the time intervening between the making and filing of the affidavit does not authorize the inference that the facts stated in the affidavit as ground for issuance of citation by publication had ceased to exist when the petition and affidavit were filed, or cast suspicion on the verity of the affidavit, the issuance of the citation was authorized.

The judgment is affirmed.

This opinion directed to be written and is adopted by the Court.