**C. L. DONALDSON et al., Appellants,**

v.

**FIRST STATE BANK OF ABERNATHY et al., Appellees.**

No. 7085.

Court of Civil Appeals of Texas.

Amarillo.

Oct. 30, 1961.

Rehearing Denied Jan. 3, 1962.

Campbell, Brock, Wright & Waters, Lubbock, for appellants.

Vickers & Vickers, Lubbock, Morehead, Sharp & Boyd, Plainview, for appellees.

NORTHCUTT, Justice.

This is a suit brought in the 72nd District Court of Lubbock County by C. L. Donaldson and R. S. Bearden, as plaintiffs, against the First State Bank of Abernathy, et al., as defendants, seeking to set aside a judgment entered in the 140th District Court of Lubbock County. There is no question but what this is a collateral attack upon the judgment entered in the 140th District Court and both parties so agree. Both parties to this suit filed motions for summary judgment. After hearing the motions for summary judgment the trial court sustained the motion of the First State Bank of Abernathy and refused the motion of the plaintiffs and entered judgment that plaintiffs recover nothing of and from the defendants. The reason the other defendants are not now and will not hereafter be referred to in this opinion is because their rights depend upon the rights of the defendant, bank. From the summary judgment entered, the plaintiffs perfected this appeal and will hereinafter be mentioned as appellants.

On December 26, 1931, the First State Bank of Abernathy, acting through its president, S. R. Merrill, sold to J. C. Bearden by warranty deed all of block No. 185 in the original town of Abernathy, Texas, together with other property not involved in this suit, for the consideration of $400.-00. On February 15, 1934, J. C. Bearden sold said block No. 185 to J. A. Bearden, a feme sole, by warranty deed for the consideration of $50.00. On November 5, 1934, Mrs. J. A. Bearden sold to C. L. Donaldson, by warranty deed, all of said block No. 185 for the consideration of $75.-00.

On October 30, 1956 the First State Bank of Abernathy, as plaintiff, in cause No. 28082 in the 140th District Court of Lubbock County, filed its original petition against C. L. Donaldson, if living, or if dead, the legal representatives and unknown heirs, etc. whose place and residence was alleged as being unknown although diligence had been exercised to ascertain the same. The plaintiff then prayed that the defendants be cited by publication to answer the petition and that plaintiff have judgment for title to said block No. 185, for cost of suit and further relief as it might be entitled to, at law and in equity. The bank then pleaded that it owned the land in fee simple by virtue of limitations of title and that it, by and through an officer of the bank, had held peaceable and adverse possession of said land for a period of more than 10 years, cultivating, using and enjoying the same

all that time, and that it had fenced the land and that the land had been under such fence continuously for over 10 years, and that it had paid the taxes when due on said land for a period of over 10 years previous to the commencement of the action. The bank then pleaded other grounds as to show completion of the 10 years limitations. At the same time the bank filed its petition in the 140th District Court it filed an affidavit for citation by publication; but the affidavit was dated as being made on October 23, 1956, some 7 days before the petition was filed. Citation by publication was had directing C. L. Donaldson, if living, or if dead, the legal representatives of C. L. Donaldson and the unknown heirs of C. L. Donaldson to appear and answer the bank's petition at or before 10:00 o'clock A.M. of the first Monday after the expiration of 42 days from the issuance of the citation, the same being Monday the 17th day of December, A.D. 1956, before the Honorable 140th District Court of Lubbock County, at the Court House in Lubbock, Texas. The citation was published in the South Plains Farm Review on November 8th, 15th, 22nd, and 29th, 1956, and sheriff's return was duly made and filed in said cause No. 28082 in the District Clerk's office on December 3, 1956. On December 27, 1956 the District Judge appointed an attorney to defend the suit on behalf of said defendants in cause No. 28082, and said attorney filed an answer on the same date.

On December 27, 1956, judgment was entered in cause No. 28082 in the 140th District Court of Lubbock County decreeing the First State Bank of Abernathy, Texas, do have and recover from C. L. Donaldson the title to said block No. 185. On April 17, 1959, over two years after the First State Bank of Abernathy had recovered the judgment for title from C. L. Donaldson, Donaldson sold the property to R. S. Bearden for $10.00 consideration and assumption of all taxes.

On June 6, 1959, C. L. Donaldson and R. S. Bearden brought this action here involved seeking to set aside the judgment entered in cause No. 28082 in the 140th District Court of Lubbock County, contending (1) that the judgment in cause No. 28082 was void by the lack of due process * * * the failure to comply with court rules (T.R.C.P.) 109 and 110, 244 and 812, 800 and other pertinent rules, and (2) that the judgment in said cause was procured by extrinsic fraud perpetrated upon the court and these appellants.

■ By appellants' first point it is contended that the judgment was void for lack of due process and the failure to comply with the Texas Rules of Civil Procedure under the terms of the above mentioned rules. In cause No. 28082, the attorney for the bank, 7 days before filing suit, made affidavit for citation by publication that the residence, names and whereabouts of the parties were unknown to the affiant and to the plaintiff although due diligence had been made to ascertain the same. The affidavit covered the information and requirements of rules 109 and 110. The trial court did appoint an attorney to defend the suit in behalf of the defendants and said attorney did answer said cause as provided in rule 244, and the judge filed with the papers of the cause its summary of the evidence as a part of the record and approved and signed the same. The record shows the bank did make proof as would entitle it prima facie to recover as provided under rule 800 and proceed as required under rule 812.

■ The judgment in cause No. 28082 recited the defendants having been duly cited by publication in the manner and for the period of time as required by law, and all other necessary recitals, and then stated the court proceeded to hear the evidence, considered the pleadings, and gave the courts findings. We cannot agree with appellants' contentions that the judgment was void because the affidavit for citation by publication was made 7 days before the petition was filed instead of being made at the time suit was filed or during dependency of the suit. Durst et al. v. Park, Tex.Civ. App., 177 S.W.2d 301.

■ The real issue is whether the affidavit speaks the truth instead of just when it was made and filed. This suit is a collateral attack upon a judgment of a court of competent jurisdiction. The judgment on its face recites that the defendants having been duly cited by publication in the manner and for the period of time as required by law etc. These recitals in the judgment in a collateral attack cannot be contradicted by other portions of the record, as such recitations, in a collateral proceedings imports absolute verity thereto. Chapman v. Kellogg et al., 252 S.W. 151; Wixom et al. v. Bowers et al., Tex.Civ.App., 152 S.W.2d 896; Avant et al. v. Broun et al., Tex.Civ.App., 91 S.W.2d 426 writ dismissed.

■■ By appellants' second point of error it is contending judgment in cause No. 28082 procured by extrinsic fraud perpetrated upon the court and these appellants in not informing the court that the bank originally owned the property in question and had previously conveyed and warranted a title to the block of land in appellants, and if the court had been so notified of these facts it would naturally have inquired of the appellee what notice it had given to appellants of its repossession of the property and claim of adverse title. The appellants argue that fraud relating solely to the merits of the cause of action sought to be asserted makes any decree entered by reason thereof void and subject to collateral attack. Even if it be true, that the bank did not inform the court that it formerly owned the property, that would not make the judgment void. In this State, collateral attack on a Texas judgment is permitted only where the judgment under attack is absolutely void. Security Trust Co. of Austin et al. v. Lipscomb County et al., 142 Tex. 572, 180 S.W.2d 151 by the Supreme Court.

This is not a case where the bank deeded the property to a party and remained in possession and never brought to the purchaser's attention that the grantor was claiming the property. On May 31, 1946 the bank caused the land to be fenced, and started paying the taxes, and doing other matters for a period of 10 years preceding the filing of the suit in cause No. 28082. It is stated in American National Bank of Beaumont v. Wingate, Tex.Civ.App., 266 S.W.2d 934, 940 Writ refused N.R.E. as follows:

"[5,6] Of course, if the plaintiff was not in possession of the land in suit at the date of her deed and thereafter continued so to be, her restoration and repair of the fence in 1938 and 1939 and her subsequent use of the land amounted to a re-entry upon the land and a resumption of possession of the land a substantial period of time after her deed. Texas & P. R. Co. v. Maynard, [Tex.Civ.App.] 51 S.W. 255; 2 C.J.S. Adverse Possession § 95(e) p. 655. The grantor, it is agreed, can re-acquire title by adverse possession under proper circumstances; and such a re-entry by the plaintiff would begin a new possession and the statutes of limitation would begin to run."

This is not a case where the bank is making any claim prior to its warranty deed to J. C. Bearden, and neither is it claiming any title by virtue of any reservation of title or possession but is a claim by virtue of re-entry of possession and fencing and paying taxes etc. some 15 years after its deed to J. C. Bearden. Neither is this a case where the grantor is regarded as a tenant at sufferance of the grantee and his possession subservient to the title of the grantee, and he must show notice of repudiation of the presumed relationship. Here the court found the bank had adverse possession since May 31, 1946 for a period of more than 10 years at the time of entering judgment on December 27, 1956, and under the record it was not subject to collateral attack.

We find the bank was entitled to the judgment entered and overrule appellants' assignments of error. Judgment of the trial court is affirmed.