Ellen May BURROWS, et al.,
Appellants,

v.

Buck J. MILLER and Pierre
Conner, Appellees.

No. 12–89–00072–CV.

Court of Appeals of Texas,
Tyler.

Sept. 28, 1990.

William H. Kugle, Jr., Athens, for appellants.

Steven Stark, Athens, for appellees.

BILL BASS, Justice.

This is an appeal from a denial of a bill of review which sought to vacate the judgment rendered in 1920 in a trespass to try title suit. Appellants/petitioners also sought a declaratory judgment declaring that the 1920 judgment was "stale, dor-

mant, and of no legal effect," because no writ of possession based upon the judgment was ever issued.

In 1920, appellees' predecessor in title, E.P. (Saint) Miller, a well known Athens attorney, along with four other persons, brought a trespass to try title suit styled E.P. Miller, et al. v. The Unknown Heirs of Miguel Cortinas, Deceased, et al., against numerous defendants, including appellants' predecessors in title, to recover title and possession to five tracts of land, including the 130 acres in issue here. E.P. Miller alleged in his 1920 petition that he was the record title holder, but he also pleaded a right to recover under the three-, five-, and ten-year statutes of limitation. Upon filing suit, Miller secured the issuance of service by publication upon the defendants in the cause, including appellants' predecessors in title, by the execution of an affidavit swearing that he did not know the names of the unknown heirs named in the petition nor their residences or whereabouts. Although the property is in Henderson County, the suit was filed in Anderson County within the same judicial district.

Appellants claim a one-half interest in the 130–acre tract as descendants of and successors in title to W.R. Dickerson. W.R. Dickerson apparently served two terms as County Judge of Henderson County prior to his death in 1895. Appellants' predecessors in title were purportedly served by publication as the unknown heirs of W.R. Dickerson, deceased, based upon Saint Miller's affidavit. At the time Miller executed the affidavit, he lived within a half mile of W.R. Dickerson's widow on College Street in Athens, Texas. There is no return of citation in the clerk's file. The file contains a return of service in another unrelated case. The judgment rendered in favor of Miller contains a recitation of service upon all defendants. The court appointed Jonas Kizer to represent the defendants served by publication. Kizer filed an answer and announced ready for trial. The trial court rendered judgment for Miller and the other plaintiffs.

Appellants filed their petition for bill of review in April of 1988. The appellants maintain that the 1920 judgment was void because the return of service was missing from the file, or voidable because service by publication was procured by the false affidavit of Miller, who appellants contend was bound to know the appellants' predecessors in title and their whereabouts. At the hearing on the application for bill of review, appellants introduced the deposition testimony of three witnesses, the gist of whose testimony was that in 1920 they lived on College Street in Athens at the time of E.P. Miller's affidavit; that they knew both E.P. Miller and May Dickerson, W.R. Dickerson's widow; that Miller would have had to drive by the Dickerson's residence from his home to his work; and that in those days most everyone in Athens knew everyone else. The District Clerk's records in the case of E.P. Miller, et al. v. The Unknown Heirs of Miguel Cortinas were introduced, together with a stipulation as to the heirship of W.R. Dickerson. During the course of the short hearing, the trial judge indicated that, in his opinion, the threshold inquiry should be the question of the adequacy of service upon the Dickerson heirs, and the hearing should be limited to the consideration of that question. Neither party excepted to this procedure, nor offered any evidence other than that enumerated. The trial judge denied the bill of review, and in response to appellants' request made numerous findings of fact and conclusions of law.

■ In their first point of error, appellants contend that "[t]he trial court erred in denying the bill of review, because the record in the case does not show any service of process upon the defendants."

The record contains no return of service. Instead, it contains a return of service by publication in another and totally unrelated case. The record does contain the 1920 judgment reciting service; the answer filed by Jonas Kizer, attorney appointed to represent the defendants, served by publication; the affidavit for issuance of service by publication; and the evidence presented at trial.

■ A judgment recital of proper service upon the defendants imports absolute

verity in a collateral proceeding, *McKanna v. Edgar,* 388 S.W.2d 927 (Tex.1965), and in such a proceeding, it may not be contradicted even by other portions of the record. *Donaldson v. First State Bank of Abernathy,* 352 S.W.2d 302 (Tex.Civ.App.—Amarillo 1961, writ ref'd n.r.e.). However, appellants' action in the instant case is in the nature of a bill of review and constitutes a direct attack upon the judgment. *Shaffer v. Schaleben,* 236 S.W.2d 234 (Tex.Civ.App. —Waco 1951, writ ref'd n.r.e.). In a case involving a direct attack on a default judgment, the recital of service of citation in the judgment creates no presumption of the validity of service. *McKanna v. Edgar,* 388 S.W.2d at 929.

The best evidence of a judicial record or proceeding is the record itself. 29 Am.Jur.2d *Evidence* § 480 (1967). However, in the case of a lost judicial record, as with lost instruments generally, resort may be had to secondary evidence to establish its existence, the acts done under it, and its contents. *Id.* Although a recital of due service in a default judgment under direct attack creates no presumption of proper service of citation, the recitation in the judgment is evidence of that fact. 62B Am.Jur.2d *Process* § 328 (1990).

In the instant case, the recital of service in the judgment has gone unchallenged for seventy years. The state of the district clerk's file suggests that the return was misplaced. The trial court so found and that finding is unchallenged on appeal. The return of service from an unrelated 1920 case was found in the file. The affidavit for citation by publication and the answer of the attorney for the defendants served by publication are in the record. In the absence of anything in the record to contradict the recitations in the judgment, the recitals, together with the other items in the record, are the best evidence which the nature of the case will admit. The distinction which must be drawn between this case and those relied upon by appellants is that, in the cases cited by appellants, the documents in the record contradicted the recitations in the judgment, and demonstrated a fatal flaw in the service of process. The judgment is certainly not void on its face and, under this record, the absence of a return in the clerk's file after a lapse of sixty-eight years does not render it a nullity. Appellants' first point is overruled.

Appellants' third point is related to the first. In their third point, appellants claim the trial court erred in refusing to consider evidence of Miller's fraud in falsely swearing to obtain the issuance of citation by publication. Appellants maintain that the trial judge's statements from the bench indicated he would not hear evidence of fraud because the bill of review was brought more than four years after the rendition of judgment. They argue that, because the bill of review defendants failed to plead limitations, the trial judge erred in not considering their evidence of fraud in the procurement of service by publication.

As we view the record, the judge admitted into evidence everything offered by appellants on the issue.[1] He weighed that evidence and found, as recited in his findings of fact and conclusions of law, that the deposition evidence was not substantial or convincing, and that the appellants had failed to prove fraud. In arriving at its findings, the trial court may accept or reject any or all of the testimony of a witness. *De Benavides v. Warren,* 674 S.W.2d 353 (Tex.App.—San Antonio 1984, writ ref'd n.r.e.). There is evidence to support the trial court's findings.

Moreover, appellants bring no point of error attacking the trial court's finding that the evidence is insufficient to prove fraud. Unchallenged findings of fact are binding on appeal. *Whitten v. Alling & Cory Co.,* 526 S.W.2d 245, 248

---

1. The evidence offered by appellants was evidence of extrinsic fraud. Only extrinsic fraud will entitle petitioner to the relief contemplated by a bill of review. *Montgomery v. Kennedy,* 669 S.W.2d 309, 312 (Tex.1984). Extrinsic fraud has been defined as "that fraud which denies a losing litigant the opportunity to fully litigate his rights or defenses upon trial. *Id.* A false affidavit to secure service by publication is a species of extrinsic fraud. *South Texas Development Co. v. Martwick,* 328 S.W.2d 230 (Tex.Civ. App.—Waco 1959, writ ref'd n.r.e.).

(Tex.Civ.App.—Tyler 1975, writ ref'd). Findings of fact are the equivalent of jury answers. When accompanied by a statement of facts, they will be affirmed on appeal if there is any evidence to support them. 4 R. McDonald, TEXAS CIVIL PRACTICE § 16.10 (1984). Appellants' third point is overruled.

■ In their second point, appellants urge that the trial court erred in failing to find that the judgment entered in the 1920 proceeding had become dormant, because no writ of possession was ever issued upon the judgment. Appellants argue that since a writ of possession is included within the term "execution," *Williams v. Masterson,* 306 S.W.2d 152 (Tex.Civ.App.—Houston 1957, writ ref'd n.r.e.), the judgment is both dormant and void because no writ of possession issued upon it within ten years of its rendition.

■ A dormant judgment is not solely by reason of its dormancy a void judgment. *Burlington State Bank v. Marlin National Bank,* 207 S.W. 954 (Tex.Civ.App.—Austin 1918, no writ). Contrary to appellants' contention, the plaintiffs pleaded the three-, five-, and ten-year statutes of limitation, and the record contains a statement of the evidence showing a right to recover based upon adverse possession. Therefore, it appears that Miller was already in possession and no writ of possession was required. Appellants' argument was considered and rejected in *Henderson v. Chesley,* 229 S.W. 573 (Tex.Civ.App.—Austin 1921, writ ref'd), and *Zarate v. Villareal,* 159 S.W. 873 (Tex.Civ.App.—San Antonio 1913, no writ). Appellants' second point of error is overruled.

The judgment is affirmed.