**Charles FOWLER, Appellant,**

v.

**QUINLAN INDEPENDENT SCHOOL DISTRICT, Appellee.**

No. 06–97–00122–CV.

Court of Appeals of Texas, Texarkana.

Submitted Feb. 25, 1998.

Decided Feb. 26, 1998.

Gary W. Smith, Greenville, for Appellant.

George C. Scherer, Law Office of Robert Luna, P.C., Dallas, for Appellee.

Gary B. Bennett, Blair, Goggan, Sampson, Meeks, Greenville, for Intervenor.

Before CORNELIUS, C.J., and GRANT and ROSS, JJ.

## OPINION

CORNELIUS, Chief Justice.

In this restricted appeal, Charles Fowler complains of a default judgment rendered against him in a suit by a school district and a county for delinquent taxes. He contends that reversible error is shown because the record does not affirmatively demonstrate strict compliance with the rules regarding citation and service of process.

Fowler is the owner of approximately four-tenths of an acre in Hunt County. Quinlan Independent School District filed suit to collect delinquent ad valorem taxes against the property. The school district procured the issuance of citation and delivered the citation to a constable for service. The constable filed a return of service which appears in the

record.[1] Fowler did not answer, and the court rendered a default judgment for $2,372.79. The property was thereafter sold at auction to satisfy the tax lien.

Fowler contends that citation was not served on him, so error is obvious from the face of the record, and the case should be remanded for trial. Restricted appeals are controlled by TEX.R.APP. P. 25.1, 26.1, 30, which provide that a party to the suit may appeal within six months of the judgment if the party did not participate in the actual trial of the suit.

■ A party appealing by restricted appeal (1) must bring the appeal within six months from the date the trial court signs the judgment; (2) must not have participated in the actual trial; and (3) must demonstrate error apparent from the face of the record. TEX. CIV. PRAC. & REM.CODE ANN. § 51.013 (Vernon 1997); TEX.R.APP. P. 30; *DSC Finance Corp. v. Moffitt,* 815 S.W.2d 551 (Tex. 1991). Review by restricted appeal affords an appellant the same scope of review as an ordinary appeal, i.e., a review of the entire case. *See Gunn v. Cavanaugh,* 391 S.W.2d 723, 724 (Tex.1965). The only restriction on the scope of review is that the error must appear on the face of the record. *See General Elec. Co. v. Falcon Ridge Apartments,* 811 S.W.2d 942, 943 (Tex.1991). The face of the record, for purposes of a restricted appeal, consists of all the papers on file in the appeal, including the statement of facts. *Norman Communications v. Texas Eastman Company,* 955 S.W.2d 269 (Tex.1997); *DSC Finance Corp. v. Moffitt,* 815 S.W.2d at 551. In this case, the appeal was timely filed, and Fowler did not participate in the trial. The only question before us is whether error is apparent on the face of the record.

■ When a default judgment is attacked directly by a restricted appeal it is essential that strict compliance with the Texas Rules of Civil Procedure regarding the issuance of citation, the manner and mode of service, and the return of process be shown on the face of the record. *McKanna v. Edgar,* 388 S.W.2d 927, 929 (Tex.1965).

There are no presumptions in favor of valid issuance, service, and return of citation in a review of a no-answer default judgment. *Uvalde Country Club v. Martin Linen Supply Co.,* 690 S.W.2d 884, 885 (Tex.1985); *McKanna v. Edgar,* 388 S.W.2d at 929. Moreover, failure to *affirmatively* show strict compliance with the Rules of Civil Procedure renders the attempted service of process invalid. *McKanna v. Edgar,* 388 S.W.2d at 929.

TEX.R. CIV. P. 107 is controlling in this case. The rule, in pertinent part, states:

> The return of the officer or authorized person executing the citation shall be endorsed on or attached to the same; it shall state when the citation was served and the manner of service and be signed by the officer officially or by the authorized person.... When the citation was served by registered or certified mail as authorized by Rule 106, the return by the officer or authorized person must also contain the return receipt with the addressee's signature.

■ The return of a service document is prima facie evidence of the facts recited in the return. *Pleasant Homes, Inc. v. Allied Bank of Dallas,* 776 S.W.2d 153, 154 (Tex. 1989). The return is prima facie evidence even though the facts in the form are preprinted rather than filled in by the officer. *Primate Constr., Inc. v. Silver,* 884 S.W.2d 151, 153, (Tex.1994).

■ The officer's return is ambiguous. The only address for Fowler that is contained in the return is a post office box, yet the return does not affirmatively show that service was by either registered or certified mail. The return also contains blanks to reflect the time and date of execution, but they have not been completed. The return then contains form language indicating that the citation was delivered to Fowler in person, although the school district's counsel at the hearing claimed that the citation was mailed. Further, the return is not personally signed, but is stamped with the name of

---

1. Suit was originally filed against three individuals. The other two were dropped from the suit. Service upon them was specifically indicated by certified mail with attached return receipt.

the constable.[2] Finally, the return does not have attached to it the return receipt with the addressee's signature as is required by the mandatory language of Rule 107 if service is effected by mail.

The return does not constitute "strict" compliance with the Rule. The school district, however, contends that strict compliance should be determined from a review of the evidence at the hearing. There was no evidence taken at the hearing; only statements made by the district's counsel in response to the court's questions about the case. The school district contends that the reporter's record of that hearing shows affirmatively that the mail receipt was once attached to the officer's return but was lost, and that since the hearing shows that the receipt was lost, that showing should control.

In cases involving such a citation by mail, the cases have spoken exclusively in the language of Rule 107, which requires that the mail receipt be attached to the officer's return and that it be considered as the relevant "face of the record." The school district argues that we should apply the analysis used in *Burrows v. Miller*, 797 S.W.2d 358, 360 (Tex.App.—Tyler 1990, no writ), because the mail receipt is clearly a lost document.

In *Burrows*, the appellant brought a bill of review seeking to overturn a judgment sixty-eight years after it was rendered. Among other things, the appellant contended that the judgment was void because no return of service was contained in the court record. The court noted that the 1920 judgment recited service and that the record contained the answer filed by the attorney appointed to represent the defendants, served by publication, and also contained the return of citation from a different and wholly unrelated lawsuit.

The court concluded that the return was lost and that, since it was lost, it could resort to secondary evidence to establish service. The court concluded that, even though the recital of service in a default judgment under

direct attack did not create a presumption of proper service, the recitation in the judgment was evidence of proper service. The court distinguished *Burrows* from other default/service cases because the others were cases where documents in the record contradicted the recitations in the judgment, and thus demonstrated a fatal flaw in the service. This analysis is difficult to apply consistently, however, because it is difficult to determine whether a document has been lost or simply never existed.

It is not necessary that we attempt to apply this reasoning to our case, since there is nothing in the record except a recitation in the judgment to indicate that the mail receipt ever existed. Moreover, the reporter's record provides no support for such an assumption. Counsel suggests that the reporter's record shows its existence. It does not. The trial judge examined and explicitly mentioned the returns and mail receipts for the dismissed defendants, and then asked for a similar receipt for Fowler. He was given a copy of the constable's return, but the record does not indicate that he ever saw a copy of any mail receipt for Fowler. Thus, there is no proof that service was made on Fowler, except a recitation of proper service in the judgment.

Finally, we note that language in *McKanna* requires reversal unless the record "affirmatively show(s) a strict compliance" with the rules.[3] *McKanna v. Edgar*, 388 S.W.2d at 929. This would appear to preclude affirmance based on presumptions of service, unless the face of the record clearly and unambiguously shows the existence and later loss of the critical documents. The attempted citation of service shown by this record does not comply with Rule 107, and that failure constitutes clear error on the face of the record.

Because service of citation in this case was not in strict compliance with the Texas Rules of Civil Procedure, there is error on the face of the record. We accordingly reverse the default judgment and remand the cause to

---

**2.** A stamped signature may be sufficient if authorized, but there is no proof in the record here that the stamp was an authorized signature of the constable.

**3.** This requirement was not met in the *Burrows* case cited above, and its application is problematic in view of that failure.

the trial court for trial in accordance with this opinion.