No. 04-99-00285-CV

Andres Salas BAUTISTA, Jr.,

Appellant

Melissa BAUTISTA,

Appellee

From the County Court at Law No. 1, Webb County, Texas

Trial Court No. 98-CVG-00945-C1

Honorable Raul Vasquez, Judge Presiding

Opinion by: Phil Hardberger, Chief Justice

Sitting: Phil Hardberger, Chief Justice

 Alma L. López, Justice

 Karen Angelini, Justice

Delivered and Filed: November 3, 1999


REVERSED AND REMANDED

 The issue in this restricted appeal is whether the record affirmatively demonstrates strict
compliance with the rules regarding citation and service of process. Because the record does not
demonstrate strict compliance, we reverse the trial court's judgment and remand the cause for further
proceedings consistent with this opinion.
Background
 On July 13, 1998, Melissa filed two motions for substituted service of process. In the affidavit
accompanying her first motion, Melissa stated that personal service was attempted on two occasions
at Andres's last known address. Andres's mother, Maria, who resides at the address where service
was attempted advised that she did not know Andres's whereabouts. Melissa stated that she had good
cause to believe Maria did know Andres's whereabouts and that serving Maria would be reasonably
calculated to apprise Andres of the proceedings. The trial court granted the motion and ordered that
Andres be served with process by serving his mother, Maria, at 3202 Locust, Laredo, Texas. In her
second motion and affidavit, Melissa asserted the same information, except she stated that she
reasonably believed that leaving a copy of the pleadings, citation and precept at 3202 Locust with any
person over the age of sixteen years was a likely method of apprising Andres of the proceedings. The
trial court granted the second motion and ordered that Andres be served by serving any person over
sixteen at 3202 Locust.

 The clerk issued citation and authorized service on Andres at 3202 Locust "by serving any
person over sixteen (see order attached)." The Officer's Return reflects that service was executed on
July 14, 1998 at 3202 Locust, Laredo by delivering to "Andres Salas Bautista, Sr., as per order." The
return is signed by a private process server but is not verified. After inquiring about service, the trial
court subsequently entered a default judgment against Andres.
Discussion
 A restricted appeal is a direct attack on a judgment. Fowler v. Quinlan Ind. Sch. Dist., 963
S.W.2d 941, 943 (Tex. App.--Texarkana 1998, no pet.). In order for a default judgment to
withstand a direct attack, strict compliance with the Texas Rules of Civil Procedure regarding the
issuance of citation, the manner and mode of service, and the return of process must be shown on the
face of the record. Stankiewicz v. Oca, 991 S.W.2d 308, 310 (Tex. App.--Fort Worth 1999, no
pet.); Barker CATV Const., Inc. v. Ampro, Inc., 989 S.W.2d 789, 792 (Tex. App.--Houston [1st
Dist.] 1999, no pet.); Fowler, 963 S.W.2d at 943. No presumptions in favor of valid issuance, service,
and return are made, and the record must affirmatively show strict compliance with the rules.
Stankiewicz, 991 S.W.2d at 310; Barker CATV Const., Inc., 989 S.W.2d at 792; Fowler, 963 S.W.2d
at 943.
 In his first point of error, Andres contends that service of process was invalid because the
private process server failed to verify the return of service. Melissa did not file a brief to respond to
Andres's contentions.
 Rule 107 of the Texas Rules of Civil Procedure requires a return of citation by a private
process server to be verified. Tex. R. Civ. P. 107. "Verified" for purposes of rule 107 has been
defined as an acknowledgment of the instrument before a notary public. Seib v. Bekker, 964 S.W.2d
25, 28 (Tex. App.--Tyler 1997, no writ); McGraw-Hill, Inc. v. Futrell, 823 S.W.2d 414, 416 (Tex.
App.--Houston [1st Dist.] 1992, writ denied). Although substituted service was authorized under rule
106 in this case, the order did not specify a different manner of proving service; therefore, proof of
service in accordance with rule 107 is required. See Pao v. Brays Village East Homeowners Ass'n,
Inc., 905 S.W.2d 35, 38 (Tex. App.--Houston [1st Dist.] 1995, no writ). In this case, the process
server completed the "Certificate of Delivery" at the bottom of the return, certifying that he delivered
a copy of the "instrument" to Andres Salas Bautista, Sr.; however, there is nothing on the return or
attached to the return that can be considered a verification. See McGraw-Hill, Inc., 823 S.W.2d at
416; see also Seib, 964 S.W.2d at 28. Since the return was not verified, it did not comply with rule
107.(1)

 We sustain Andres's first point of error and reverse the trial court's judgment. The cause is
remanded to the trial court for further proceedings consistent with this opinion.

 PHIL HARDBERGER,

 CHIEF JUSTICE


PUBLISH 


1. Because we reverse the trial court's judgment due to the lack of verification, we do not address the other points
of error raised in Andres's brief.