Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



## MEMORANDUM OPINION

No. 04-10-00316-CV

Williams **TRENTON**,
Appellant

v.

Derek **HAMMITT**,
Appellee

From the County Court at Law No. 10, Bexar County, Texas
Trial Court No. 351837
Honorable H. Paul Canales, Judge Presiding

Opinion by:  Steven C. Hilbig, Justice

Sitting:  Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
Steven C. Hilbig, Justice

Delivered and Filed:  December 29, 2010

AFFIRMED IN PART AND REVERSED AND REMANDED IN PART

Williams Trenton filed this restricted appeal of the default judgment entered against him after substituted service. Trenton complains the substituted service was defective and the default judgment should be set aside or, in the alternative, the damage award must be remanded because there is no evidence to support the award. We affirm the default judgment on liability, but reverse the award of damages and remand for a new trial on damages.

**BACKGROUND**

Derek Hammitt filed suit for injuries he allegedly received in an automobile accident that involved Trenton. After attempting service on numerous occasions, Hammitt filed a motion seeking authorization for substituted service on Trenton pursuant to Texas Rule of Civil Procedure 106. Hammitt's motion was granted and the trial court ordered that service could be made on Trenton "by leaving a copy of the citation, with a copy of the petition and a copy of this order attached" at a specified address. The officer's return of service was on the bottom portion of the page that contained the notice of citation. The return stated that "a true copy of this citation together with the accompanying copy of plaintiff's petition had been delivered" at the address designated in the Rule 106 order. Stamped on the return of service was the notation "ORDER FOR SUBSITUTED SERVICE ATTACHED." The officer signed the return and it was verified.

A hearing on Hammitt's motion for default judgment was held on January 8, 2010, but there is no record of the hearing. On January 11, 2010, the trial court rendered a default judgment against Trenton and awarded Hammitt $525,000.00 in unliquidated damages. There is no dispute that Trenton did not participate in the hearing that resulted in the default judgment or file any post-judgment motions. Trenton filed his Notice of Restricted Appeal on April 26, 2010.

**DISCUSSION**

*Restricted Appeal*

A party can prevail in a restricted appeal only if: (1) the restricted appeal is filed within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (4) error is

apparent on the face of the record. *Ins. Co. of State of Pennsylvania v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009); *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). The only element at issue in this case is whether there is error apparent on the face of the record.

Trenton contends there are two errors apparent on the face of the record: defective substituted service and no evidence to support a judgment for unliquidated damages.

*Substituted Service*

Texas Rule of Civil Procedure 106 authorizes a court to order a substitute method of service. Service of process must be performed in strict compliance with rule 106 to support a default judgment. *In re Z.J.W.*, 185 S.W.3d 905, 907 (Tex. App.—Tyler 2006, no pet.); *Vespa v. Nat'l Health Ins. Co.*, 98 S.W.3d 749, 752 (Tex. App.—Fort Worth 2003, no pet.); *Becker v. Russell*, 765 S.W.2d 899, 901 (Tex. App.—Austin 1989, no writ). When a trial court orders substituted service pursuant to rule 106, the only authority for the substituted service is the order itself. *See Vespa*, 98 S.W.3d at 752; *Becker*, 765 S.W.2d at 901; *Broussard v. Davila*, 352 S.W.2d 753, 754 (Tex. Civ. App.—San Antonio 1961, no writ). Therefore, the requirements set forth in the order must be strictly followed. *See Broussard*, 352 S.W.2d at 754. Any deviation from the trial court's order authorizing substituted service necessitates a reversal of the default judgment. *See Becker*, 765 S.W.2d at 901.

The process server's return of service is considered prima facie evidence of the facts asserted therein. *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (per curiam) "The recitations in the return of service carry so much weight that they cannot be rebutted by the uncorroborated proof of the moving party. The weight given to the return is no less when the recitations impeach the judgment than when they support it." *Id.* (citations omitted).

In this case, the rule 106 order required that the order be attached to the citation. Trenton claims that although the return reflects the citation and petition were served, it does not establish the rule 106 order was served. Trenton also claims the stamped language regarding the Rule 106 order was located above the officer's return section on the citation and as such was not part of the return nor properly verified. To support his contention Trenton relies on *Dolly v. Aethos Commc'ns Sys., Inc.*, 10 S.W.3d 384, 388 (Tex. App.—Dallas 2000, no pet.). In *Dolly*, the verification stated that "on this day personally appeared GERALD BORYCZ known to me to be the person whose name is subscribed on the foregoing instrument and who stated under oath that they executed the Citation in the above numbered cause pursuant to the Texas Rule of Civil Procedure." The court determined that because the phrase "*Posted to the Front Door*" was located under the verification it was not in the foregoing instrument and not verified. Here, the stamped language is below the deputy clerk's signature on the citation and above the sheriff's verification. Thus, it is part of the officer's return.

Trenton also argues the return of service does not establish that the rule 106 order was served because there is no evidence the process server placed the stamped language on the return. However, the record contains the original citation which did not include the stamped language. Furthermore, language does not cease to be prima facie evidence of the facts of service merely because it is stamped or pre-printed on the officer's return of service. *See Primate Constr.*, 884 S.W.2d at 152 (return is prima facie evidence even though the facts in the form are preprinted rather than filled in by officer); *Fowler v. Quinlan Indep. Sch. Dist.*, 963 S.W.2d 941, 943 (Tex. App.—Texarkana 1998, no pet.)(pre-printed facts on return are prima facie evidence of service). Accordingly, the service of citation was not defective, and the default judgment on liability is affirmed.

*Unliquidated Damages*

Trenton contends there is no evidence to support the damages awarded in the default judgment. A restricted appeal may include review of the legal sufficiency of the evidence to support an award of damages. *Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997). When a no-answer default judgment is taken on an unliquidated claim, all allegations of fact set forth in the petition are deemed admitted, except for the amount of damages. *Tex. Commerce Bank, Nat'l. Assn. v. New*, 3 S.W.3d 515, 516 (Tex. 1999) (per curiam); *Arenivar v. Providian Nat'l Bank*, 23 S.W.3d 496, 497-98 (Tex. App.—Amarillo 2000, no pet.); *Transport Concepts, Inc. v. Reeves*, 748 S.W.2d 302, 305 (Tex. App.—Dallas 1988, no writ).

Hammit admits there was no record made at the hearing on the default judgment. We hold the default judgment admitted only Trenton's liability, and because there is no evidence in the record to support the award of damages, we remand the cause to the trial court for a new trial on damages. *See Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 86 (Tex. 1992)("when an appellate court sustains a no evidence point after an uncontested hearing on unliquidated damages following a no-answer default judgment, the appropriate disposition is a remand for a new trial on the issue of unliquidated damages.").

Steven C. Hilbig, Justice