**DSC FINANCE CORPORATION,
Petitioner,**

v.

**Lawrence E. MOFFITT, Respondent.**

**No. D–0124.**

Supreme Court of Texas.

Sept. 18, 1991.

John P. Lewis, Jr. and Rebecca E. Hamilton, Dallas, for petitioner.

Dennis P. Schwartz, McKinney, for respondent.

ON APPLICATION FOR WRIT OF ERROR TO
THE COURT OF APPEALS FOR THE
FIFTH DISTRICT OF TEXAS

PER CURIAM.

The order of this court of April 17, 1991, granting the application for writ of error is withdrawn, as the application was improvidently granted.

DSC Finance Corporation obtained a post-answer default judgment against Lawrence Moffitt for breach of a guaranty agreement. Moffitt challenged the judgment by writ of error to the court of appeals. 797 S.W.2d 661.

We recently stated the four elements of a writ of error appeal:

A direct attack on a judgment by writ of error must: (1) be brought within six months after the judgment was signed, Tex.Civ.Prac. & Rem.Code Ann. § 51.013 (Vernon 1986); Tex.R.App.P. 45; (2) by a party to the suit, Tex.R.App.P. 45; (3) who did not participate in the actual trial, *id.;* (4) and the error complained of must be "apparent from the face of the record." *Brown v. McLennan County Children's Protective Servs.,* 627 S.W.2d 390, 392 (Tex.1982).

*General Electric Co. v. Falcon Ridge Apartments,* 811 S.W.2d 942, 943 (Tex. 1991). Some intermediate appellate courts have interpreted the last requirement as limiting review to error shown by reference solely to the transcript, or to fundamental error. *See, e.g., Gourmet, Inc. v. Hurley,* 552 S.W.2d 509, 512–13 (Tex.Civ.App.—Dallas 1977, no writ).

Our opinion in *Brown* did not alter the scope of review by writ of error. In determining whether Moffitt had met the requirement that error appear on the face of the record, the court of appeals correctly concluded that it "may consider all of the papers on file in the appeal including the statement of facts."

The application for writ of error is denied.