TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-02-00735-CV






Marilyn Roth as Guardian of the Person and Estate of Allen Levy, Appellant


v.


Diane Raatz, Administrator of the Estate of Donovan Lee Raatz, Deceased, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT

NO. 99-01337, HONORABLE DARLENE BYRNE, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N




 Appellant Marilyn Roth filed a motion requesting that this Court: (1) consider her
notice of appeal timely filed; (2) extend the time to file her notice of appeal; or (3) consider her
notice of appeal as timely perfecting a restricted appeal. Appellee Diane Raatz responded to Roth's
motion and also filed a motion to dismiss the appeal for lack of jurisdiction contending that Roth
failed to properly perfect the appeal. Roth responded to Raatz's motion to dismiss. After
considering the motions and responses, we conclude that we are without jurisdiction over the appeal.
We will grant Raatz's motion, dismiss Roth's motion, and dismiss the appeal for want of
jurisdiction.

 The clerk's record reflects that on June 11, 2002, the district court signed an order
that granted Raatz's motion to dismiss and dismissed Roth's claims with prejudice. On July 10,
Roth timely filed a motion for new trial. On August 26, Roth's motion was overruled by operation
of law. Therefore, September 9 was the deadline for filing a notice of appeal. See Tex. R. App. P.
26.1(a) (90-day appeal). September 24 was the deadline for requesting an extension of time to file
a notice of appeal. See Tex. R. App. P. 26.3. Roth filed her notice of appeal on October 18. Her
first request for an extension of time to file her notice of appeal is in the motion under consideration
which was filed in this Court on December 30.

 First, we address Roth's contention that her notice of appeal was timely filed. 
Without citing to supporting case law, Roth contends that there is a conflict between the rules of civil
procedure and the rules of appellate procedure regarding the deadline for filing a notice of appeal.
Roth contends that under Texas Rule of Civil Procedure 329b(e), a trial court has 75 days from the
date a motion for new trial is filed to consider the motion and, if at the end of 75 days the court has
not rendered a written ruling, the motion for new trial is overruled by operation of law. She further
contends that the trial court maintains plenary power for 30 additional days. Roth's primary
contention is that the deadline for filing a notice of appeal is at the end of the 30-day plenary period.
Under her interpretation of the rules, here, the district court had 75 days from July 10--the filing of
her motion for new trial--to consider the motion before the motion was overruled by operation of
law. On the 75th day after filing the motion for new trial--September 23--the motion was overruled
by operation of law. Roth contends that she then had 30 days, during the district court's plenary
period, until October 23, to file her notice of appeal. She contends that because she filed her notice
of appeal on October 18, the appeal was timely perfected. Raatz disagrees with Roth's interpretation
of the rules that relate to perfecting an appeal, to the commencement of the appellate time line, and
to the deadline for filing a notice of appeal, and contends that, because the notice of appeal was
untimely as filed, this Court is without jurisdiction over the appeal.

 Texas Rule of Civil Procedure 329b(a) provides: "A motion for new trial, if filed,
shall be filed prior to or within thirty days after the judgment or order complained of is signed." Tex.
R. Civ. P. 329b(a). Texas Rule of Civil Procedure 329b(c) provides: "In the event an original or
amended motion for new trial . . . is not determined by written order signed within seventy-five days
after the judgment was signed, it shall be considered overruled by operation of law on expiration of
that period." Tex. R. Civ. P. 329b(c) (emphasis added). Rule 329b(e) provides:


If a motion for new trial is timely filed by any party, the trial court, regardless of
whether an appeal has been perfected, has plenary power to grant a new trial or to
vacate, modify, correct, or reform the judgment until thirty days after all such timely-filed motions are overruled, either by a written and signed order or by operation of
law, whichever occurs first.



Tex. R. Civ. P. 329b(e) (emphasis added). Any party who wants to challenge a trial court's
judgment must file a notice of appeal. Tex. R. App. P. 25.1(c). An appeal is perfected when a
written notice of appeal is filed with the trial court. Tex. R. App. P. 25.1(a). The filing of a notice
of appeal invokes the appellate court's jurisdiction. Tex. R. App. P. 25.1(b). A notice of appeal
must be filed:


[W]ithin 30 days after the judgment is signed, except as follows:


(a) the notice of appeal must be filed within 90 days after the judgment is signed if
any party timely files:


 (1) a motion for new trial. . . . 


Tex. R. App. P. 26.1(a) (emphasis added). Under the rules, the trial court maintains plenary power
for 30 days after a motion for new trial is overruled, regardless of whether the motion is first
overruled by a written ruling or by operation of law. See Tex. R. Civ. P. 329b(e). That plenary
period, however, does not affect, nor is it affected by, the rule of appellate procedure that addresses
perfecting an appeal and commencement of the time line for filing a notice of appeal. See Tex. R.
App. P. 26.1(a). The time line for perfecting an appeal by filing a notice of appeal commences from
the date the final judgment or order is signed by the trial court. See id. If a motion for new trial was
timely filed, then the deadline for filing a notice of appeal would be 90 days after the judgment or
order was signed. Id. No provision in any of the rules refers to the commencement of an appellate
time line or sets a deadline for perfecting an appeal by reference to the date of overruling a motion
for new trial. As Rule 329b(e) directs, for an additional 30 days after a motion for new trial is
overruled, the trial court maintains plenary power to change its judgment or order regardless of
whether an appeal has been perfected. Thus, there exists no conflict between the rules of civil
procedure and the rules of appellate procedure related to the perfection of an appeal and the filing
of a notice of appeal. Roth's notice of appeal was due to be filed on or before September 9. Her
notice of appeal filed October 18 was untimely as filed.

 Second, we consider Roth's contention that, in the event we determine her notice of
appeal was untimely as filed, we should grant her an extension of time to file the notice of appeal
until the date she filed it, October 18. Raatz disagrees with Roth's contention and asserts that this
Court is without authority to extend the time to file the notice of appeal to October 18.

 An appellate court may extend the time to file a notice of appeal provided that within
15 days after the filing deadline, a party files a notice of appeal and a motion to extend the time to
file that complies with rule of appellate procedure 10.5. See Tex. R. App. P. 26.3. Further, appellate
courts are expressly prohibited from suspending the appellate rules that relate to the deadline for
perfecting an appeal. See Tex. R. App. P. 2. Here, in order to extend the time to file a notice of
appeal, Roth had until September 24 to file her notice of appeal and a motion requesting an extension
to file it. As there was no timely filed motion to extend time, we lack the authority to extend Roth's
time to file the notice of appeal until October 18. 

 Finally, we consider Roth's contention that the notice of appeal perfected a restricted
appeal. Texas Rule of Appellate Procedure 30 provides:


A party who did not participate--either in person or through counsel--in the hearing
that resulted in the judgment complained of and who did not timely file a
postjudgment motion or request for findings of fact and conclusions of law, or a
notice of appeal within the time permitted by Rule 26.1(a), may file a notice of
appeal within the time permitted by Rule 26.1(c).



Tex. R. App. P. 30. The elements necessary to directly attack a judgment by a restricted appeal are:
(1) the appeal must be brought within six months after the trial court signed the judgment; (2) by a
party to the suit; (3) who did not participate in the hearing that resulted in the judgment complained
of; (4) who did not timely file a postjudgment motion or request for findings of fact and conclusions
of law or a notice of appeal; and (5) the error complained of that shows the invalidity of the
judgment must be apparent on the face of the record. See Tex. Civ. Prac. & Rem. Code Ann.
§ 51.013 (West 1997); Norman Communications v. Texas Eastman Co., 955 S.W.2d 269, 270 (Tex.
1997); DSC Fin. Corp. v. Moffitt, 815 S.W.2d 551, 551 (Tex. 1991); General Elec. Co. v. Falcon
Ridge Apartments, 811 S.W.2d 942, 943 (Tex. 1991). The only restriction on the scope of a
restricted appeal is that error must be apparent on the face of the record. Norman Communications,
955 S.W.2d at 270. Here, the record reflects that Roth timely filed a postjudgment motion--a
motion for new trial. The record, therefore, does not support a restricted appeal. We cannot consider
Roth's notice of appeal as perfecting a restricted appeal.

 Without a timely filed notice of appeal, or a timely motion requesting an extension
of time to file a notice of appeal, and, as we have determined that Roth may not proceed with a
restricted appeal, we conclude that we lack jurisdiction over Roth's appeal. Raatz's motion to
dismiss the appeal for want of jurisdiction is granted. Roth's motion to consider the notice of appeal
timely filed, to extend the time to file the notice of appeal, or to consider the notice of appeal as
perfecting a restricted appeal is dismissed. The appeal is dismissed for want of jurisdiction on
appellee's motion.



 

 Mack Kidd, Justice

Before Justices Kidd, Yeakel and Patterson

Dismissed for Want of Jurisdiction on Appellee's Motion

Filed: January 30, 2003