# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00735-CV

**Marilyn Roth as Guardian of the Person and Estate of Allen Levy, Appellant**

**v.**

**Diane Raatz, Administrator of the Estate of Donovan Lee Raatz, Deceased, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT**
**NO. 99-01337, HONORABLE DARLENE BYRNE, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Appellant Marilyn Roth filed a motion requesting that this Court: (1) consider her notice of appeal timely filed; (2) extend the time to file her notice of appeal; or (3) consider her notice of appeal as timely perfecting a restricted appeal. Appellee Diane Raatz responded to Roth=s motion and also filed a motion to dismiss the appeal for lack of jurisdiction contending that Roth failed to properly perfect the appeal. Roth responded to Raatz=s motion to dismiss. After considering the motions and responses, we conclude that we are without jurisdiction over the appeal. We will grant Raatz=s motion, dismiss Roth=s motion, and dismiss the appeal for want of jurisdiction.

The clerk=s record reflects that on June 11, 2002, the district court signed an order that granted Raatz=s motion to dismiss and dismissed Roth=s claims with prejudice. On July 10, Roth timely filed

a motion for new trial. On August 26, Roth=s motion was overruled by operation of law. Therefore, September 9 was the deadline for filing a notice of appeal. *See* Tex. R. App. P. 26.1(a) (90-day appeal). September 24 was the deadline for requesting an extension of time to file a notice of appeal. *See* Tex. R. App. P. 26.3. Roth filed her notice of appeal on October 18. Her first request for an extension of time to file her notice of appeal is in the motion under consideration which was filed in this Court on December 30.

First, we address Roth=s contention that her notice of appeal was timely filed. Without citing to supporting case law, Roth contends that there is a conflict between the rules of civil procedure and the rules of appellate procedure regarding the deadline for filing a notice of appeal. Roth contends that under Texas Rule of Civil Procedure 329b(e), a trial court has 75 days from the date a motion for new trial is filed to consider the motion and, if at the end of 75 days the court has not rendered a written ruling, the motion for new trial is overruled by operation of law. She further contends that the trial court maintains plenary power for 30 additional days. Roth=s primary contention is that the deadline for filing a notice of appeal is at the end of the 30-day plenary period. Under her interpretation of the rules, here, the district court had 75 days from July 10Cthe filing of her motion for new trialCto consider the motion before the motion was overruled by operation of law. On the 75th day after filing the motion for new trialCSeptember 23Cthe motion was overruled by operation of law. Roth contends that she then had 30 days, during the district court=s plenary period, until October 23, to file her notice of appeal. She contends that because she filed her notice of appeal on October 18, the appeal was timely perfected. Raatz disagrees with Roth=s interpretation of the rules that relate to perfecting an appeal, to the commencement of the appellate time line,

2

and to the deadline for filing a notice of appeal, and contends that, because the notice of appeal was untimely as filed, this Court is without jurisdiction over the appeal.

Texas Rule of Civil Procedure 329b(a) provides: AA motion for new trial, if filed, shall be filed prior to or within thirty days after the judgment or order complained of is signed.@ Tex. R. Civ. P. 329b(a).  Texas Rule of Civil Procedure 329b(c) provides: AIn the event an original or amended motion for new trial . . . is not determined by written order signed within seventy-five days *after the judgment was signed*, it shall be considered overruled by operation of law on expiration of that period.@ Tex. R. Civ. P. 329b(c) (emphasis added).  Rule 329b(e) provides:

> If a motion for new trial is timely filed by any party, the trial court, *regardless of whether an appeal has been perfected*, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment *until thirty days after all such timely-filed motions are overruled, either by a written and signed order or by operation of law, whichever occurs first.*

Tex. R. Civ. P. 329b(e) (emphasis added).  Any party who wants to challenge a trial court=s judgment must file a notice of appeal.  Tex. R. App. P. 25.1(c).  An appeal is perfected when a written notice of appeal is filed with the trial court.  Tex. R. App. P. 25.1(a).  The filing of a notice of appeal invokes the appellate court=s jurisdiction.  Tex. R. App. P. 25.1(b).  A notice of appeal must be filed:

> [W]ithin *30 days after the judgment is signed*, except as follows:
>
> (a)   the notice of appeal must be filed within *90 days after the judgment is signed* if any party timely files:

(1)    a motion for new trial. . . .

Tex. R. App. P. 26.1(a) (emphasis added).  Under the rules, the trial court maintains plenary power for 30 days after a motion for new trial is overruled, regardless of whether the motion is first overruled by a written ruling or by operation of law.  *See* Tex. R. Civ. P. 329b(e).  That plenary period, however, does not affect, nor is it affected by, the rule of appellate procedure that addresses perfecting an appeal and commencement of the time line for filing a notice of appeal.  *See* Tex. R. App. P. 26.1(a).  The time line for perfecting an appeal by filing a notice of appeal commences from the date the final judgment or order is signed by the trial court.  *See id.*  If a motion for new trial was timely filed, then the deadline for filing a notice of appeal would be 90 days after the judgment or order was signed.  *Id.*  No provision in any of the rules refers to the commencement of an appellate time line or sets a deadline for perfecting an appeal by reference to the date of overruling a motion for new trial.  As Rule 329b(e) directs, for an additional 30 days after a motion for new trial is overruled, the trial court maintains plenary power to change its judgment or order *regardless* of whether an appeal has been perfected.  Thus, there exists no conflict between the rules of civil procedure and the rules of appellate procedure related to the perfection of an appeal and the filing of a notice of appeal.  Roth=s notice of appeal was due to be filed on or before September 9.  Her notice of appeal filed October 18 was untimely as filed.

Second, we consider Roth=s contention that, in the event we determine her notice of appeal was untimely as filed, we should grant her an extension of time to file the notice of appeal until the date she filed it, October 18.  Raatz disagrees with Roth=s contention and asserts that this Court is without authority to extend the time to file the notice of appeal to October 18.

**4**

An appellate court may extend the time to file a notice of appeal provided that within 15 days after the filing deadline, a party files a notice of appeal and a motion to extend the time to file that complies with rule of appellate procedure 10.5. *See* Tex. R. App. P. 26.3. Further, appellate courts are expressly prohibited from suspending the appellate rules that relate to the deadline for perfecting an appeal. *See* Tex. R. App. P. 2. Here, in order to extend the time to file a notice of appeal, Roth had until September 24 to file her notice of appeal and a motion requesting an extension to file it. As there was no timely filed motion to extend time, we lack the authority to extend Roth=s time to file the notice of appeal until October 18.

Finally, we consider Roth=s contention that the notice of appeal perfected a restricted appeal. Texas Rule of Appellate Procedure 30 provides:

> A party who did not participateCeither in person or through counselCin the hearing that resulted in the judgment complained of and who did not timely file a postjudgment motion or request for findings of fact and conclusions of law, or a notice of appeal within the time permitted by Rule 26.1(a), may file a notice of appeal within the time permitted by Rule 26.1(c).

Tex. R. App. P. 30. The elements necessary to directly attack a judgment by a restricted appeal are: (1) the appeal must be brought within six months after the trial court signed the judgment; (2) by a party to the suit; (3) who did not participate in the hearing that resulted in the judgment complained of; (4) who did not timely file a postjudgment motion or request for findings of fact and conclusions of law or a notice of appeal; and (5) the error complained of that shows the invalidity of the judgment must be apparent on the face of the

**5**

record.  *See* Tex. Civ. Prac. & Rem. Code Ann. ' 51.013 (West 1997); *Norman Communications v. Texas Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997); *DSC Fin. Corp. v. Moffitt*, 815 S.W.2d 551, 551 (Tex. 1991); *General Elec. Co. v. Falcon Ridge Apartments*, 811 S.W.2d 942, 943 (Tex. 1991).  The only restriction on the scope of a restricted appeal is that error must be apparent on the face of the record.  *Norman Communications*, 955 S.W.2d at 270.  Here, the record reflects that Roth timely filed a postjudgment motionCa motion for new trial.  The record, therefore, does not support a restricted appeal.  We cannot consider Roth=s notice of appeal as perfecting a restricted appeal.

Without a timely filed notice of appeal, or a timely motion requesting an extension of time to file a notice of appeal, and, as we have determined that Roth may not proceed with a restricted appeal, we conclude that we lack jurisdiction over Roth=s appeal.  Raatz=s motion to dismiss the appeal for want of jurisdiction is granted.  Roth=s motion to consider the notice of appeal timely filed, to extend the time to file the notice of appeal, or to consider the notice of appeal as perfecting a restricted appeal is dismissed.  The appeal is dismissed for want of jurisdiction on appellee=s motion.

Mack Kidd, Justice

Before Justices Kidd, Yeakel and Patterson

Dismissed for Want of Jurisdiction on Appellee=s Motion

Filed:   January 30, 2003