COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-023-CV
 

  
MATTHEW 
A. TRAVIS                                                           APPELLANT
 
V.
 
SABRINA 
D. CORONADO                                                          APPELLEE
 
------------
 
FROM 
THE 43RD DISTRICT COURT OF PARKER COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        After 
being served with citation and a petition for divorce, Appellant Matthew A. 
Travis, who was not represented by counsel, filed a signed handwritten document 
stating, “Agree with d[i]vorce.” More than two months later, on October 7, 
2002, with no notice to Travis, the case was heard, and a divorce decree was 
entered. The decree provided that Travis had “waived issuance and service of 
citation by waiver duly filed and did not otherwise appear.” The decree also 
contained custody, possession, child support, and medical support provisions for 
the couple’s child.
        Travis 
filed a verified motion for new trial on November 20, 2002, alleging in part 
that he “did not receive[] . . . notice of the signing of the judgment until 
more than twenty days after the signing and pursuant to Texas Rule of Civil 
Procedure 306a(4) file[d] this motion within the thirty days of learning of the 
judgment being signed.” The trial court held a hearing and denied the motion. 
Travis then brought this timely restricted appeal.[2]
        To 
directly attack the trial court's judgment, a restricted appeal must: (1) be 
brought within six months after the trial court signs the judgment, (2) by a 
party to the suit, (3) who did not participate in the actual trial, and (4) the 
error complained of must be apparent from the face of the record.[3]
        In 
his second issue, Travis contends that the trial court erred by denying his 
motion for new trial, which was filed more than sixty days after the divorce 
decree was signed. The face of the record, for purposes of restricted appeals, 
consists of all the papers on file in the appeal, including the reporter's 
record, as they existed in the trial court at the time the default judgment was 
entered.[4]  We do not consider anything not in 
the record at the time of the judgment.[5]  
Appellant’s motion for new trial was not in the record at the time of the 
judgment; this issue is therefore not properly before us.[6]  
We overrule Appellant’s second issue.
        In 
his first issue, Appellant contends that the trial court erred by proceeding to 
trial without notice to Appellant, by finding that the document Appellant filed 
was a waiver, and by finding that Appellant did not otherwise appear. We agree. 
The document Appellant filed was not a waiver of citation.[7]  
The issue is whether it constitutes an answer for default judgment purposes. We 
hold that it does.
        The 
United States Supreme Court directs us to hold pro se pleadings “to less 
stringent standards than formal pleadings drafted by lawyers.”[8]  Further, Texas law favors allowing liberal amendment 
of pleadings and giving litigants the chance to cure pleading defects whenever 
possible.[9]  On the other hand, Texas law abhors 
default judgments. As the San Antonio Court of Appeals has pointed out,
  
Traditionally 
any sort of appearance will defeat a default. Indeed, the courts have gone to 
great lengths to excuse defects in answers to prevent the entry of default 
judgments against parties who have made some attempt, albeit deficient, 
unconventional, or flat out forbidden under the Rules of Civil Procedure, to 
acknowledge that they have received notice of the lawsuit pending against them. 
This is proper because of the unfair outcome that can result from a default.

        . 
. . .
 
Default 
judgments are designed to promote efficiency in disposing of cases where the 
defendant shows no interest in the adjudication of the cause, either by failing 
to answer a lawsuit or appear for trial on the merits in the cause.

        . 
. . .
 
It 
makes sense that to grant a default judgment against a defendant where the 
defendant has attempted to acknowledge or dispute a pending lawsuit is 
inconsistent with the judicial goals default judgment seeks to further. The 
furtherance of these goals justifies Texas courts' interpreting any kind of 
written response in such a way to elevate it to the level of an answer.

        . 
. . .
 
Texas 
courts are willing to bend over backward to call something that is not an answer 
an answer to prevent inequity or injustice in the context of a default judgment.[10]

 
        The 
document Travis filed is dated after the date of the return of citation. It 
contains the case number and style of the case, the statement, “Agree with 
d[i]vorce,” and Travis’s signature. It is silent regarding all issues 
concerning the child. We hold that this document constitutes an answer.
        When 
an answer has been filed, well-established law forbids entering a default 
judgment against a defendant who has received no notice of trial.[11]
        A 
trial court's failure to comply with the rules of notice in a contested case 
deprives a party of his constitutional right to be heard, resulting in a 
fundamental due process violation.[12]  If the 
respondent does not have notice of the trial setting as required by rule 245, 
the default judgment should be set aside.[13]
        The 
trial court’s docket sheet provides that a “Pro Se answer [was] filed” on 
August 1, 2002 and that Coronado completed the “Prove up” on October 7, 
2002. The docket sheet also contains an entry showing when the only other 
hearing in the case, the hearing on the motion for new trial, was set. The 
docket sheet does not contain an entry showing that the prove-up hearing was set 
at least forty-five days in advance. We take judicial notice of the fact that 
hearings for uncontested divorces are called “prove-ups” in this locale.[14]  “Noncontested cases may be tried or disposed of 
at any time whether set or not, and may be set at any time for any other 
time.”[15]  It is clear to this court that the 
trial court treated this case as an uncontested case for all purposes. The trial 
court abused its discretion in doing so. Because Travis indicated below that he 
agreed with the divorce, we affirm the divorce. Because the trial court failed 
to give Travis notice of trial on the contested issues, we remand this case for 
trial on the division of community assets and liabilities and on all issues 
related to the child. We do not reach Travis’s remaining issues.[16]
 
  

  
                                                          LEE 
ANN DAUPHINOT
                                                          JUSTICE

 
PANEL 
F:   DAUPHINOT, LIVINGSTON, and HOLMAN, JJ.
LIVINGSTON, 
J. concurred without opinion.
DELIVERED: 
February 5, 2004


NOTES
1. 
See Tex. R. App. P. 47.4.
2. 
See Tex. R. App. P. 30; Clopton 
v. Pak, 66 S.W.3d 513, 515 (Tex. App.—Fort Worth 2001, pet. denied).
3. 
See Norman Communications v. Texas Eastman Co., 955 S.W.2d 269, 270 (Tex. 
1997); DSC Fin. Corp. v. Moffitt, 815 S.W.2d 551, 551 (Tex. 1991); Flores 
v. Brimex Ltd. P'ship, 5 S.W.3d 816, 819 (Tex. App—San Antonio 1999, no 
pet.).
4. 
Stankiewicz v. Oca, 991 S.W.2d 308, 311 (Tex. App.—Fort Worth 1999, no 
pet.); Laidlaw Waste Sys., Inc. v. Wallace, 944 S.W.2d 72, 73 (Tex. 
App.—Waco 1997, writ denied); see In re E.K.N., 24 S.W.3d 586, 590-91 
(Tex. App.—Fort Worth 2000, no pet.); see also General Elec. Co. v. Falcon 
Ridge Apartments, 811 S.W.2d 942, 943 (Tex. 1991) (providing same 
requirement for former writ of error).
5. 
Stankiewicz, 991 S.W.2d at 311; see General Elec. Co., 811 S.W.2d 
at 943.
6. 
See Stankiewicz, 991 S.W.2d at 311.
7. 
See Tex. Fam. Code Ann. § 
6.4035 (Vernon 1998) (providing requirements for waiver of citation).
8. 
Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972).
9. 
See County of Cameron v. Brown, 80 S.W.3d 549, 559 (Tex. 2002); Polk 
v. Braddock, 864 S.W.2d 78, 80 (Tex. App.—Dallas 1992, no writ).
10. 
Hock v. Salaices, 982 S.W.2d 591, 593-94 (Tex. App.—San Antonio 1998, 
no pet.).
11. 
LBL Oil Co. v. Int’l Power Servs., Inc., 777 S.W.2d 390, 390-91 (Tex. 
1989); Lopez v. Lopez, 757 S.W.2d 721, 723 (Tex. 1988).
12. 
Platt v. Platt, 991 S.W.2d 481, 483 (Tex. App.—Tyler 1999, no pet.).
13. 
Id. at 484; Tex. R. Civ. P. 
245.
14. 
See Tex. R. Evid. 
201(b)(1).
15. 
Tex. R. Civ. P. 245.
16. 
See Tex. R. App. P. 47.1.