In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00140-CV
______________________________


ALLSTATE INSURANCE COMPANY, Appellant
 
V.
 
CENTURY BANK, N.A., Appellee


                                              

On Appeal from the County Court at Law
Bowie County, Texas
Trial Court No. 02C1716-CCL


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

            This is an appeal brought by Allstate Insurance Company. The sequence of events follows:
Century Bank, N.A., sued John Rufus Murdock, III, for indebtedness. Century Bank obtained a
judgment against Murdock, signed January 29, 2003. Before entry of that judgment, on December
9, 2002, Century Bank joined Allstate seeking a writ and judgment of garnishment against Allstate
in order to recover funds held by Allstate (Murdock's former employer) on Murdock's behalf. A
motion for default judgment against Allstate was filed April 2, 2003. The judgment against Allstate
was signed April 21, 2003.



            Allstate made a last-minute effort to file a document labeled as a "supplemental" answer
(although no "original" answer appears in this record), which it sent by facsimile April 18. It appears
that the faxed document was sent to the wrong office, and it was not filed in the clerk's office until
receipt—after the judgment was rendered—April 22, 2003. Allstate followed up that same date by
mail, with a copy of that document that was actually filed April 22, 2003, several hours before the
faxed copy made its way into the hands of the clerk.
            Allstate filed no post-verdict motions and did not file its notice of appeal until September 26,
2003. The appeal is therefore a restricted appeal, pursuant to Tex. R. App. P. 26.1(c). A direct attack
on a judgment by a restricted appeal must: (1) be brought within six months after the trial court
signs the judgment; (2) by a party to the suit; (3) who did not participate in the actual trial; and
(4) the error complained of must be apparent from the face of the record. See Tex. R. App. P. 45;
Tex. Civ. Prac. & Rem. Code Ann. § 51.013 (Vernon 1997);


 DSC Fin. Corp. v. Moffitt, 815
S.W.2d 551 (Tex. 1991). Review by a restricted appeal affords an appellant the same scope of
review as an ordinary appeal, that is, a review of the entire case. See Gunn v. Cavanaugh, 391
S.W.2d 723, 724 (Tex. 1965). The only restriction on the scope of review through a restricted appeal
is that the error must appear on the face of the record. See Gen. Elec. Co. v. Falcon Ridge
Apartments, Joint Venture, 811 S.W.2d 942, 943 (Tex. 1991). The face of the record, for purposes
of a restricted appeal, consists of all the papers on file in the appeal, including the statement of facts. 
Moffitt, 815 S.W.2d at 551. 
            Our review is limited to the record as it existed before the trial court at the time the default
judgment was rendered. Armstrong v. Minshew, 768 S.W.2d 883, 884 (Tex. App.—Dallas 1989,
no writ); see also Laidlaw Waste Sys., Inc. v. Wallace, 944 S.W.2d 72 (Tex. App.—Waco 1997, writ
denied); Gerdes v. Marion State Bank, 774 S.W.2d 63 (Tex. App.—San Antonio 1989, writ denied)
(record cannot be changed after the defaulting party has perfected a writ of error). 
            Allstate contends the trial court erred by entering a default judgment despite its timely filing
of an answer by facsimile. The argument fails. Electronic filing of documents is only permitted by
order of the Texas Supreme Court approving systems put in place by courts for electronic or
facsimile filing, or by its approval of local rules permitting such filings. See Tex. Gov't Code Ann.
§§ 51.801–.807 (Vernon 1998). In this case, there is no showing that any such order exists or that
local rules in Bowie County permit such a filing. Accordingly, Allstate's attempt to present the
document for filing by facsimile transmission is without effect. 
            Allstate's argument that error is shown on the face of the record because an answer was on
file is thus without support and is overruled.
            Allstate also argues that, even if the document was not filed, we should nevertheless overturn
the default judgment because any failure to properly file the answer was not intentional or the result
of conscious indifference. In so doing, Allstate argues we should apply the Craddock standard that
is typically applied to appellate review of motions for new trial following default. To grant a motion
for new trial, the court must determine that: (1) the defendant's failure to answer before judgment
was not intentional or the result of conscious indifference on the defendant's part, but was due to a
mistake or accident; (2) the motion for new trial sets up a meritorious defense; and (3) the motion
is filed at a time when its granting would not result in a delay or otherwise injure the plaintiff. 
Craddock v. Sunshine Bus Lines, Inc., 134 Tex. 388, 133 S.W.2d 124, 126 (1939); Pessel v. Jenkins,
125 S.W.3d 807, 810 (Tex. App.—Texarkana 2004, no pet.).
            Allstate argues we should apply part one of that analysis to determine whether the trial court
erred by granting a default judgment. There is no authority to support this type of analysis. In
Spears v. Brown, 567 S.W.2d 544 (Tex. Civ. App.—Texarkana 1978, writ ref'd n.r.e.), which
Allstate cites as support for its position, we reviewed the refusal of the trial court to grant a motion
for new trial. In Dickerson v. Sonat Exploration Co., 975 S.W.2d 339 (Tex. App.—Tyler 1998, pet.
denied), a trial court mailed dismissal notices to the wrong address. This was an error reflected on
the face of the record, which supported a reversal, not under the Craddock test, but under the general
rule for review under a restricted appeal.
            Under the rules for analyzing a restricted appeal, we must look at the record as it existed at
the time the default was granted. At that time, no answer was on file. Error has not been shown.
            Allstate also argues that the judgment should be reversed because the divorce between
Murdock and his ex-wife awarded most of the funds that it owed Murdock to her, and thus the
amount was not recoverable by Century Bank because Murdock no longer had any rights to those
funds. The problem with this argument is that the divorce decree does not appear in the record of
this case and was not referenced by anything before the trial court at the time it rendered judgment. 
That information did appear in the "supplemental" answer. The simple problem is: that was not
before the court. It could have been tendered as part of a motion for new trial, at which point we
would be applying the Craddock formulation to determine whether the trial court erred by overruling
the motion for new trial. None was filed. 
            All of Allstate's contentions rest on its first contention that the answer was timely filed and
before the trial court when it rendered the default. It was not timely filed and was not before the
court. Error has not been shown.
            We affirm the judgment.
 


                                                                        Jack Carter
                                                                        Justice
 
Date Submitted:          June 3, 2004
Date Decided:             June 4, 2004



an>            Nevertheless, the Roper opinion is directed not at life imprisonment, or even life
imprisonment without parole,


 but at the ultimate penalty, death. Imprisonment, even for life, is not
in the same category as capital punishment, and no compelling reason has been advanced that
convinces us to further expand the Eighth Amendment. The contention of error is overruled.
            We affirm the judgment.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          August 17, 2005
Date Decided:             August 31, 2005

Do Not Publish