COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

ELENA CORDERO,                                            )

                                                                              )              
No.  08-04-00109-CV

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )            
County Court at Law #3

AMERICAN HOME ASSURANCE CO.,           )

                                                                              )          
of El Paso County, Texas

Appellee.                           )

                                                                              )                
(TC# 2002-5088)

                                                                              )

 

 

O
P I N I O N

 

This is a
restricted appeal from the trial court=s
dismissal for want of prosecution.  
Appellant Elena Cordero=s
single issue is that the trial court erred in dismissing the suit because she
did not receive notice of the trial court=s
order dismissing the case.  The Appellee,
American Home Assurance Co., did not file a brief or enter an appearance when
this case was submitted. We reverse and remand. 

Ms. Cordero claims
she suffered a job related injury at Wal-Mart. 
On October 31, 2001, Attorney Terri Laird (ALaird@) filed a worker=s
compensation claim on Ms. Cordero=s
behalf.   On September 23, 2002, the
Texas Worker=s
Compensation Commission (TWCC) Appeals Panel denied Ms. Cordero=s claim.  Then, Ms. Cordero=s
attorney filed a petition for review with the El Paso County Court of Law No. 3.








On June 18, 2003,
Laird sent Ms. Cordero a letter notifying her that she was closing her private
practice and that she would no longer be representing her.  Laird also recommended Ms. Cordero
contact Attorney Javier Martinez or seek assistance from the Ombudsman program
at the TWCC for further representation.[1]  The record reflects that Laird never filed a
motion to withdraw as counsel and remained the attorney of record in this case
until December 17, 2003, when Appellant=s
counsel on appeal entered a notice of entry of appearance.  

On September 24,
2003, the trial court signed a Notice of Intent to Dismiss for Want of
Prosecution and evidently sent a copy to Laird. 
On October 27, 2003, the trial court signed an order dismissing the case
for want of prosecution and sent a copy to Laird via facsimile to the fax
number recorded on the trial courts database. 
Ms. Cordero did not learn that her case was dismissed for want of
prosecution until after she consulted an attorney at the Texas Rio Grande Legal
Aid, Inc. on December 10, 2003.








On December 17,
2003, Ms. Cordero filed a motion to reinstate. 
The trial court held a hearing and found that Ms. Cordero had been
timely provided notice of the order of dismissal by facsimile transmission to
the District Attorney=s
telecopier number where Ms. Cordero=s
attorney of record was then employed. 
The trial court then found that pursuant to Tex.R.Civ.P. 165a(3), the time period for plaintiff to file a
motion to reinstate began on October 27, 2003, and that the filing of the
motion to reinstate on December 17, 2003, was well past the thirty-day
deadline.[2]  On April 27, 2004, Ms. Cordero timely filed
this appeal of the trial court=s
judgment dismissing her appeal for want of prosecution.

Ms. Cordero
contends that the trial court erred by improperly providing notice of the order
dismissing her case for want of prosecution to Laird, the attorney of record,
by facsimile instead of first class mail pursuant to Tex.R.Civ.P. 306a. 
This, she argues, is error apparent on the face of the record.  Tex.R.Civ.P.
306a(3) states in pertinent part: 

When the final judgment or other
appealable order is signed, the clerk of the court shall immediately give
notice to the parties or their attorneys of record by first-class mail advising
that the judgment or order was signed. 
Failure to comply with the provisions of this rule shall not affect the
periods mentioned in paragraph (1) of this rule, except as provided in
paragraph (4).  [Emphasis added].

 








A restricted
appeal is a direct attack on a judgment. 
Fowler v. Quinlan Ind. Sch. Dist., 963 S.W.2d 941, 943 (Tex.App.‑‑Texarkana
1998, no pet.).  To prevail on a
restricted appeal, the appellant must show four elements:  (1) that the appeal was filed within six
months after the trial court signed the judgment or order appealed from; (2)
that appellant was a party to the suit; (3) who did not participate in the
actual trial; and (4) error is apparent on the face of the record.  See Norman Communications v. Texas Eastman
Co., 955 S.W.2d 269, 270 (Tex. 1997); Flores v. Brimex Ltd. Partnership,
5 S.W.3d 816, 819 (Tex.App.‑‑San Antonio 1999, no pet.).  Here, the only element to be resolved is
whether faxing the dismissal order rather than mailing it first class is error
apparent on the face of the record.  DSC
Fin. Corp. v. Moffitt, 815 S.W.2d 551, 551 (Tex. 1991).  For purposes of a restricted appeal, the face
of the record consist of the reporter=s
record and all the papers in the clerk=s
record filed prior to final judgment.  Norman
Communications, 955 S.W.2d at 270; DSC Fin. Corp., 815 S.W.2d at
551; Gen. Elec. Co. v. Falcon Ridge Apartments, Joint Venture, 811
S.W.2d 942, 944 (Tex. 1991).

The record before
us contains a dismissal order for want of prosecution that was transmitted via
facsimile.  Faxing final judgments or
other appealable orders may be the usual practice in El Paso County, but there
is nothing in the record to establish that such practice has been or could be
adopted by a local rule pursuant to Rule 3a. 
See Tex.R.Civ.P.
3a.  It is apparent from the record that
the notice was not delivered in compliance with the rules.  The failure to give notice is a denial of due
process and is grounds for reversal.  Hubert
v. Illinois State Assistance Com=n,
867 S.W.2d 160, 163 (Tex.App.--Houston [14th Dist.] 1993, writ denied).  We find that it was an abuse of discretion
not to set aside the order of dismissal for want of prosecution, and sustain
the single issue and remand the cause to the trial court.

Accordingly, we
reverse the trial court=s
judgment and remand the case for further proceedings consistent with this
decision.

 

 

 

May
5, 2005

DAVID WELLINGTON
CHEW, Justice

 

Before Barajas, C.J., McClure, and Chew, JJ.











[1]
In her affidavit in support of her motion to reinstate, Ms. Cordero states that
after receiving Laird=s
letter, she spoke to Amany
different lawyers,@ but none
were willing to take her case.  She was
finally able to get an appointment with Texas Rural Legal Aid, Inc. (now known
as Texas Rio Grande Legal Aid, Inc.) on December 10, 2003.





[2]
Ordinarily, a party must file a motion to reinstate within thirty days after
the order of dismissal is signed.  If,
however, the party does not receive notice or acquire actual knowledge of the
order within twenty days of the date the order is signed, Tex.R.Civ.P. 306a(4) provides that the
thirty-day period shall begin to run on the date the party actually acquires
notice or actual knowledge of the order, but in no event can the thirty-day
period begin after more than ninety days have passed since the order was
signed.  See Levit v. Adams, 850
S.W.2d 469, 469-70 (Tex. 1993).  Ms.
Cordero argued that the date she acquired actual knowledge of the trial court=s order was December 10, 2003.