# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON MOTION FOR REHEARING

## NO. 03-06-00133-CV

**Barry S. Winkle, Appellant**

**v.**

**Blanca Vallejo and Juan R. Vallejo, Appellees**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT
### NO. 04-1104-C277, HONORABLE KEN ANDERSON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Upon consideration of appellant's motion for rehearing, we deny the motion; however, we withdraw our opinion and judgment of June 12, 2007, and substitute the following. This is a restricted appeal from the trial court's entry of a default judgment in favor of appellees Blanca Vallejo and Juan R. Vallejo. Barry S. Winkle appeals, contending that the lawsuit was barred by the statute of limitations and that the trial court abused its discretion in holding the trial four days earlier than the date on which the trial was noticed. For the reasons that follow, we affirm the judgment.

A restricted appeal is available to a party who did not participate, either in person or through counsel, in a proceeding that resulted in a judgment against the party. Tex. R. App. P. 30.

It constitutes a direct attack on a default judgment. *Id.*; *General Elec. Co. v. Falcon Ridge Apartments Joint Venture*, 811 S.W.2d 942, 943 (Tex. 1991). A party filing a restricted appeal must demonstrate that (1) he appealed within six months after the judgment was rendered, (2) he was a party to the suit, (3) he did not participate in the actual trial of the case, and (4) error appears on the face of the record. *See* Tex. R. App. P. 30; *Quaestor Invs., Inc. v. Chiapas*, 997 S.W.2d 226, 227 (Tex. 1999). The face of the record includes all papers on file in the appeal, including the clerk's record and any reporter's record. *DSC Fin. Corp. v. Moffitt*, 815 S.W.2d 551, 551 (Tex. 1991). Otherwise, a restricted appeal affords an appellant the same scope of review as an ordinary appeal. *Norman Commc'ns v. Texas Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997).

In 1999, the Vallejos offered their home for sale after they fell behind in paying their property taxes. In exchange for the Vallejos placing their home in trust with Bentley Capital LLC, Winkle, a licensed real estate agent, offered to pay their back taxes and mortgage payments, rent the house for two years, and then sell the house. Winkle immediately began renting the home to James and Leah Benton, but convinced them he was selling the home.[1] When the Vallejos attempted to buy another home in 2003, they discovered that the mortgage on their former home was still in their name and that Winkle had ceased to make the mortgage payments as agreed. The mortgage company eventually foreclosed on their home.

The Vallejos sued Winkle for deceptive trade practices, fraud, and breach of contract. Citation was served on Winkle in state prison on January 20, 2005. By his answer, February 10,

---

[1] The Bentons also sued Winkle. *See Winkle v. Benton*, No. 03-05-00684-CV, 2006 Tex. App. LEXIS 8450 (Tex. App.—Austin 2006, no pet.) (mem. op.).

2

2005, Winkle sought the appointment of an attorney or, in the alternative, a continuance. Trial was scheduled for September 26, 2005. Winkle was served with notice of the trial date on August 2, 2005. A trial was held on September 26, 2005. Winkle did not attend or participate in the trial. The trial court rendered judgment in favor of the Vallejos. This appeal followed.

Winkle first asserts that the four-year statute of limitations for the conveyance of real estate and fraud or the two-year statute of limitations for deceptive trade practices bars the Vallejos' lawsuit because they did not file the lawsuit until November 2004. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.004(1), (4) (West 2002) (conveyance of real estate and fraud); Tex. Bus. & Com. Code Ann. § 17.565 (West 2002) (deceptive trade practices). Limitations, however, is an affirmative defense that is waived if not pleaded. *G.R.A.V.I.T.Y. Enters. v. Reece Supply Co.*, 177 S.W.3d 537, 544 (Tex. App.—Dallas 2005, no pet.); *see* Tex. R. Civ. P. 94 (listing statute of limitations as affirmative defense that party "shall set forth affirmatively"); *Frazier v. Havens*, 102 S.W.3d 406, 411 (Tex. App.—Houston [14th Dist.] 2003, no pet.) ("A party waives the affirmative defense of statute of limitations if it is not pleaded or tried by consent."). Here, Winkle did not plead a limitations defense at any point in the proceedings. Accordingly, we conclude that Winkle has waived any limitations defense, and the trial court did not err in entering a default judgment. *See Reece Supply Co.*, 177 S.W.3d at 544 (holding that limitations defense was waived because, once party's pleading was struck, "it had no pleading asserting the affirmative defense of limitations"); *Phifer v. Nacogdoches County Cent. Appraisal Dist.*, 45 S.W.3d 159, 173 (Tex. App.—Tyler 2000, pet. denied) (rejecting appellant's argument that trial court erred in allowing appellee to recover on

3

claim that was barred by statute of limitations, since appellant had failed to plead limitations defense). We overrule Winkle's first issue.

In his second issue, Winkle complains that the trial occurred on September 22, four days earlier than the notice date of September 26, 2005. Winkle contends that the trial court abused its discretion in changing the date of the hearing without informing Winkle. The original judgment was signed on September 26, 2005. The reporter's record reflects that the hearing occurred on September 26; the docket sheet shows that the hearing occurred on September 26. Any confusion as to the date of the hearing appears to arise from a handwritten entry on the original judgment that a hearing was held on September 22. Winkle appears to attribute this error to deceit on the part of the Vallejos' counsel. This error appears to be a clerical error; there is no showing that any proceeding occurred on September 22 or any date other than the date for which the trial was properly noticed. The record does not reflect that the trial judge abused his discretion. We overrule Winkle's second issue.

Having overruled Winkle's issues on appeal, we affirm the trial court's judgment.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed on Motion for Rehearing

Filed:   July 10, 2007

4